ALEEN, J.,
delivered the opinion of the general court.- — The first question for the
consideration of this court grows out of the motion to quash each of the counts in the indictment. A majority of the court are of opinion, that it is not necessary to decide upon the sufficiency of each count. The first count is free from objection, and the verdict finds the prisoner guilty of the felony charged in the first and second counts, and ascertains the term of his imprisonment at the lowest period allowed by law. Every separate count is in the nature of a distinct indictment ; and though in civil actions, before the law was changed by our statute, where the declaration contained several counts, some of which *were good and others defective, and the jury gave entire damages, judgment could not be given, this rule did not apply to criminal cases. The defect of some of the counts does not affect the validity of the rest, and if any count is good, judgment may be given. 1 Chit. Crirn. Law, 249 ; Id. 640. It is not perceived that the prisoner is' subjected to any inconvenience, or liable to be taken by surprise, by the operation of this rule. He is apprized by the indictment of the charges against him, and should be prepared to meet them ; and if upon the trial he supposes that the evidence does not justify a conviction upon any of the counts, he can save the point by spreading the facts proved upon the record, and moving in arrest of judgment of for a new trial.
On his trial the prisoner objected to the admission of any testimony to prove the passing of the coin, or that the same was forged or counterfeit, without the production of the piece of money alleged to be forged and passed ; and that if, under any circumstances, such evidence would be admissible, a proper ground for its introduction had not been laid here. The absence of the forged pieces may increase the difficulty of proving the prisoner’s guilt; but there seems to be no good reason for rejecting evidence tending to satisf3r the jury of the fact of the felonious passing, and that the pieces passed were counterfeit. If the rule were as contended for, then secondary evidence could never be received in a prosecution for forgery; for the objection covers the whole ground, that the production of the forged piece was essential, and that all testimony to prove its counterfeit character and the felonious passing was inadmissible unless *223 the coin was produced. The contrary has been repeatedly established by the courts in this country and in England. Pendleton’s case, 4 Leigh 694 ; 2 Russell 674. In the case before us, the attorney for the commonwealth had proved the passing to Aly Williams; that Williams then resided in the state of ^Kentucky; and that a subpoena for him had been issued, and returned not found. Without deciding that the case of counterfeit coin falls within the rule that the best evidence is to be produced, or its loss or absence accounted for, and conceding, for the sake of argument, that it does, it would seem that a sufficient ground for the introduction of such testimony was laid here. The coin had been passed to a person living without the commonwealth; there was no mode of enforcing his attendance; and the commonwealth had done all that was in her power to do. The ground of the rule is a suspicion of fraud. Eor if it appear that there is better evidence of the fact, which is withheld, a presumption arises that the party has some sinister motive for not producing it. No such presumption can arise here. The coin in question was never in the custody of the officers of the commonwealth, or under their control. Nor would inquiry of Williams have aided them. His statements not under oath could not have been used, and unless he appeared and proved the identity of the coin, the inquiry would have been vain. Some of the court, however, are of opinion that the rule referred to does not apply to the case iu question. Where a forged instrument is set out in the indictment, it may be more necessary to produce the instrument to compare it with the instrument described ; but the fact of its counterfeit character is still to be established by proof, and though an inspection of the instrument may tend to facilitate the proof, the fact may also be established by the testimony of witnesses who have examined it, or by the confessions of the accused. In Moore’s case, 2 Leigh 705, the defendant was indicted for the larceny of bank notes. It was objected that the notes should have been produced, to ascertain their identity, and whether they were genuine and of value. The court decided that it was unnecessary to produce them ; that it was the province of the jury to judge of their genuineness by the *evidence. If not produced, that circumstance weakens the proof, but does not destroy the competency of the other evidence to prove them to be of value. It is conceived by some of the court that the same principle applies to the case in question. The coin alleged to be forged is not set out in the indictment by its tenor or purport, as iu the case of forged instruments. Whether the piece, if produced, was the one passed and is counterfeit, would depend at last upon the evidence ; and the question is one which relates to the measure and quantity of evidence, of which the jury are the judges, and not to the quality of the evidence when compared with some other evidence of a superiour degree.
It is unnecessary to set out the facts detailed in the second bill of exceptions; the court being- unanimously of opinion, that the finding of the jury was well warranted by the facts and circumstances proved on the trial.
There is error, however, in the judgment of the court sentencing the prisoner to ten years confinement in the penitentiary. The conviction took place after the passage of the act of March 17, 1838. This law took effect from its passage, and provides that if any persons shall be convicted of any of the offences mentioned in the first section of the act to punjsh forgeries, 1 Rev. Code, ch. 154, p. 578, it shall be lawful to sentence such person to confinement in the penitentiary for a term not less than five years. Erom the verdict it appears that the offence in this case was committed before the passage of the act. But the law is general in its terms, and applies to all cases of convictions after its passage. The trial in this case occurred shortly after the law was passed, and though a rumor of its passage had reached the county where the trial took place, it is manifest from the finding, that the precise terms of the law were not known, or whether it was general, or was confined to cases which might occur thereafter. The *verdict was intended to give the prisoner the benefit of the law if it applied to his case; and the court acting on the law then before it, sentenced him to ten years confinement. This error can be corrected by this court reversing the judgment and entering such judgment as the circuit court should have entered.
The verdict takes no notice of the third count of the indictment. In such case it has been decided by this court (Commonwealth v. Bennet, 2 Va. Cas. 235,) that a judgment of acquittal should be entered on the count as to which the jury have not found. This can be done in the judgment to be entered here.
Judgment reversed; and this court proceeding &c. it is considered that the plaintiff in error be imprisoned in the public jail and penitentiary house for the term of five years, the lowest period by the jurors iu their verdict ascertained, and that he be kept in a solitary cell on low and coarse diet, for the space of one twelfth part of the said term ; and that he be acquitted of the charg-e contained in the third count of the indictment.